IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ELVIS AWA TISIGHE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-25-CV-593-KC |
| § | |
| MARY DE ANDA-YBARRA et al., § | |
| § | |
| Respondents. § | |

# ORDER

On this day, the Court considered Elvis Awa Tisighe's Verified Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Tisighe is held in immigration detention at the El Paso Camp East Montana Detention Facility in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 20–39, 49–61, at 13.

Tisighe entered the country in 2022, was placed in removal proceedings, and released on his own recognizance. *Id.* ¶¶ 40–42. On October 17, 2025, he was arrested by immigration authorities at his scheduled check-in and re-detained. *Id.* ¶ 44. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Tisighe's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g., Lopez-Arevelo v. Ripa*, --- F.Supp.3d ----, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Tisighe's case warrant a different outcome." *Id.* at 1.

Respondents declined the invitation. *See generally* Resp., ECF No. 3. They fail to discuss *Lopez-Arevelo* or explain why the Court's reasoning in that case does not compel the same result here. *See generally id.* In their only fleeting citation to it, they appear to concede

that *Lopez-Arevelo* is directly on point and contrary to their legal position. *See id.* at 3 ("That the alien in *Thuraissigiam* failed to request his own release in his prayer for relief does not make the holding any less binding here. *But see Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025)."). As for this Court's other recent immigration habeas decisions, Respondents do not discuss, or even mention, them. *See generally id.*

Instead, Respondents offer boilerplate. Throughout its many decisions on this topic, the Court has rejected every legal argument raised in the Response. *Compare* Resp. 1–13, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13. It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they make no new legal arguments and no effort to distinguish the facts of this case from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Tisighe's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before December 12, 2025**</u>, Respondents shall either: (1) provide Tisighe with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Tisighe's

---

[1] The relevant facts are undisputed, *see* Resp. 2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

continued detention; or (2) release Tisighe from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before December 12, 2025**, Respondents shall **FILE** notice informing the Court whether Tisighe has been released from custody. If Tisighe has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the December 12, 2025, deadlines.**

**SO ORDERED**.

**SIGNED this 5th day of December, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE